[Civ. No. 31291. Second Dist., Div. Four. July 14, 1967.]

Estate of JIM A. SHUBIN, Deceased. JULIA H. MARSH et al., Plaintiffs and Respondents, v. HARRY SHUBIN, as Executor, etc., Defendant and Appellant.

Wesley T. White for Defendant and Appellant.

M. Robert Colman for Plaintiffs and Respondents.

FOX, J.*—This Petition to Determine Heirship was filed by Julia H. Marsh and Jack Shubin, as devisees named in the

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

will of their father, Jim A. Shubin, deceased. Harry Shubin, named executor in the will, is a son of decedent.[1]

The decedent died on June 27, 1965, leaving a will dated March 7, 1957, and naming his son Harry as executor. The will, in paragraph Fourth, disposed of certain real property, known as 1018 and 1020 South Camulos Street, Los Angeles, in the following language:

". . . That HARRY SHUBIN has the option of keeping the said real property as his own, in which event he shall pay one-quarter each to the following, MARY E. STUPIN, JULIA H. MARSH, JACK SHUBIN (my son), and HARRY SHUBIN, of the appraised valuation, or said real property is to be sold and divided equally between the following children, namely: MARY E. STUPIN, HARRY SHUBIN, JULIA H. MARSH and JACK SHUBIN, (my son). That in the event HARRY SHUBIN does not desire to buy said real property, then each of the children, in order named, MARY E. STUPIN, JULIA H. MARSH and JACK SHUBIN, (my son), shall have the oportunity to purchase the said real property under the same conditions that HARRY SHUBIN has."

The will in paragraph Seventh thereof further provided:

"All the remainder of my property, both real and personal wherever situated, I hereby give, devise and bequeath to HARRY SHUBIN."

On or about May 3, 1961, the State of California purchased the said real property pursuant to a condemnation proceeding for $14,767.15. The decedent took this money and added approximately $2,000 to it, and purchased the real property known as 2762 Ardmore Avenue, South Gate, California on or about May 12, 1961.

Decedent wrote in his own handwriting on the top of the first page of said will these words: "Jim Shubin 2762 Ardmore Avenue, South Gate, California." On the margin of page 1, next to paragraph Fourth (quoted *supra*) he also wrote: "2762 Ardmore Ave. South Gate."

After a trial, the court concluded:

"That the devise of the real property as set forth in paragraph Fourth of decedent's Last Will was a specific devise.

"That there was no intention on the part of the testator to adeem the devise by the involuntary sale of the real property to the State of California under a condemnation proceeding or by any other act of the testator.

"That the said paragraph Fourth of decedent's Last Will

---

[1] Mary E. Stupin, a fourth natural child of decedent, is not a party to this proceeding.

applies with the same force and effect to the Ardmore Avenue property as it did to the Camulos Street property.''

The court thereupon rendered judgment in favor of petitioners. The executor has appealed.

Appellant argues that since the property on Camulos Street in Los Angeles was sold prior to decedent's death there was nothing to pass under the will so far as the specific devise of real property was concerned; that the disposition of this property by decedent had resulted in an ademption of his proposed gift. Petitioners argue, however, that under the circumstances of this case the doctrine of ademption is not applicable since there is no evidence of an intention on the part of the testator to adeem the devise by the involuntary sale of the real property to the State of California under a condemnation proceeding.

We have concluded that the position of the petitioners is sound and that the court correctly decided the case.

In *Estate of Moore,* 135 Cal.App.2d 122, at page 131 [286 P.2d 939], the court points out that under some of the older cases, particularly from the State of New York, an ademption may occur without specific intent of the testator. However, the court goes on to say, ''But California has outgrown this ancient doctrine in favor of effectuation of the actual intent of the testator so far as it can be discerned.'' This conclusion finds support in *Estate of Stevens,* 27 Cal.2d 108 [162 P.2d 918], which takes the position that proof of an intent to destroy a bequest or devise in a will is necessary to establish an ademption. (P. 116.)

The sale of the Camulos Street home by the testator under a condemnation proceeding, and the purchase by him of the Ardmore Avenue home only nine days later with the proceeds he received from the sale of the Camulos Street home, and the fact that the testator had written on the top of the first page of his will these words: ''Jim Shubin 2762 Ardmore Avenue, South Gate, California'' and had also written on the margin of page 1, next to the crucial paragraph Fourth, these additional words: ''2762 Ardmore Ave. South Gate,'' reasonably justify an inference that the testator had no intention to adeem the devise in said paragraph. The further fact that the testator invested the money realized from the Camulos Street home in another home in the brief time of nine days adds support to this inference. This was in effect a forced sale since the property was in process of being condemned. And, of course, the testator needed a home, hence he acted under a

form of compulsion which would reasonably support an inference that he did not intend to adeem the devise by selling the property under the circumstances. (See *Estate of MacDonald*, 133 Cal.App.2d 43, 47-48 [283 P.2d 271].)

The decision of the trial court is amply supported. The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.